IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:11-CV-0853-D |
| VS. | § § | |
| THE EPISCOPAL DIOCESE OF FORT WORTH, a Constituent Member of the Anglican Communion, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this insurance litigation that is impacted by a dispute within the Anglican Church, the court concludes that plaintiff has failed to establish that the court has subject matter jurisdiction based on complete diversity, and it grants defendant's motion to dismiss. The court will, however, allow plaintiff one final opportunity to plead complete diversity of citizenship, and, if plaintiff fails to do so, the court will dismiss the case without prejudice by final judgment.

I

This is a declaratory judgment action brought by plaintiff Philadelphia Indemnity Insurance Co. ("PIIC"). Under the relevant insurance policy ("the Policy"), the named insured is "Episcopal Diocese of Fort Worth" ("EDFW"). At the time PIIC issued the Policy, the EDFW was affiliated with the Episcopal Church ("the EC"), a province of the

Anglican Communion.   Sometime thereafter, the leadership of the EDFW opted to disaffiliate with the EC.  Subsequently, two entities called themselves the "EDFW"—one that remained affiliated with the EC ("the EC-affiliated EDFW") and one that affiliated with the Southern Cone province ("the SC-affiliated EDFW").[1]

PIIC filed this lawsuit against the SC-affiliated EDFW seeking a declaratory judgment and an injunction, and invoking this court's subject matter jurisdiction based on complete diversity.  *See* 28 U.S.C. § 1332.  The court reviewed the complaint and entered an order requiring PIIC to allege specifically the citizenship of the members of SC-affiliated EDFW since the citizenship of an unincorporated association is determined according to the citizenship of its members.  PIIC filed an amended complaint alleging that the SC-affiliated EDFW's membership is composed of certain parishes and missions, as listed in an exhibit to the amended complaint.  The SC-affiliated EDFW later submitted an affidavit from Bishop Jack Leo Iker ("Bishop Iker"), the Bishop of the SC-affiliated EDFW, averring that all of the churches and missions reflected in the exhibit are themselves unincorporated associations.  Bishop Iker states that the membership of the parishes and missions consists of the baptized persons who are members of the churches.  The SC-affiliated EDFW keeps

---

[1]Because the parties vigorously dispute whether one of the defendants, which calls itself the EDFW, or a competing entity that also purports to be the EDFW, is the true "Episcopal Diocese of Fort Worth" identified in the Policy, the court distinguishes between the two based on their church affiliations.  The defendant calling itself the EDFW is affiliated with the Southern Cone (hence, referred to as the "SC-affiliated EDFW"), while the competing entity is affiliated with the Episcopal Church (hence, referred to as the "EC-affiliated EDFW").  The Southern Cone and the Episcopal Church are both provinces of the Anglican Communion.

records of these members, and the latest reports indicate that there are 12,745 baptized members in the EDFW.

The SC-affiliated EDFW filed the instant motion to dismiss, contending that PIIC has failed to demonstrate complete diversity among the parties, including the 12,745 baptized members who constitute the SC-affiliated EDFW.  In an unopposed motion, PIIC sought and obtained court leave to join Bishop Iker, Franklin Salazar ("Salazar"), Jo Ann Patton ("Patton"), Walter Virden III ("Virden"), Rod Barber ("Barber"), and St. Andrew's Episcopal Church ("St. Andrew's") as defendants.  PIIC alleges that it is a citizen of Pennsylvania and that the individual defendants are residents of Texas.  It also alleges that all of the baptized members of St. Andrew's are residents of Texas.  The SC-affiliated EDFW and the newly joined defendants have filed counterclaims for breach of contract, violations of the Texas Insurance Code, violations under the Texas Deceptive Trade Practices-Consumer Protection Act, breach of duty of good faith and fair dealing, declaratory judgment, attorney's fees and costs, fraud, and exemplary damages.

II

"[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case."  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A Dec. 1981)).  "If the case involves more than one plaintiff and more than one defendant, the court must be certain that

all plaintiffs have a different citizenship from all defendants." *Id.* at 1258 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)) (explaining the requirement of complete diversity).  "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259 (citing *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986)).  "Federal courts are courts of limited jurisdiction.  [A court] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

PIIC is a Pennsylvania corporation with its principal place of business in Pennsylvania.  It is undisputed that PIIC is a citizen of Pennsylvania.  The SC-affiliated EDFW is an unincorporated association.  The parties do not dispute that the individual parishes and missions of the SC-affiliated EDFW are, themselves, unincorporated associations.  As unincorporated associations, the citizenship of these parishes and missions is defined, as a matter of law, by the citizenship of all of their members (i.e., the baptized members of the individual churches listed in the exhibit to the amended complaint).  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that citizenship of unincorporated association is based on citizenship of each member).  PIIC asserts that the SC-affiliated EDFW's "duly constituted Dioceses, Provinces, and regional churches . . . are located in and citizens of the States of Texas, Louisiana, Arkansas, and Oklahoma." 2d Am.

Compl. ¶ 6.[2]  This allegation, even if true, does not negate the possibility that the churches that constitute the SC-affiliated EDFW are *also* citizens of Pennsylvania.  *See, e.g., McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (accepting complaint's assertion that plaintiff was citizen of South Dakota and that defendant corporations were incorporated and had principal places of business in states other than South Dakota, but concluding that complete diversity was not established because such bare allegations did not foreclose possibility that companies were also incorporated in South Dakota).  As noted in *McGovern*, "[w]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." *Id.* (internal quotation marks omitted).  Therefore, even if many of the members of the parishes and missions listed in the exhibit submitted with the second amended complaint are citizens of Texas, Louisiana, Arkansas, and Oklahoma, they may also be citizens of other states, including Pennsylvania, because the parishes and the missions are themselves unincorporated associations.  PIIC has failed to allege in its second amended complaint the citizenship of each member of the parishes and missions constituting the SC-affiliated EDFW.  It is improper to allege diversity of citizenship without distinctly and affirmatively alleging the citizenship of each party.  *Getty Oil*, 841 F.2d at 1259 (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and

_____

[2]Although the motion to dismiss is addressed to PIIC's amended complaint, the court cites the second amended complaint because it is the operative pleading and does not cure the jurisdictional defect in pleading complete diversity of citizenship.

distinctly and cannot be established argumentatively or by mere inference." *Id.* (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).   The rules are straightforward and demand strict adherence.  *Id.*

Furthermore, PIIC has only alleged that the individual defendants (i.e., Bishop Iker, Salazar, Patton, Virden, and Barber) and the members of St. Andrew's are "residents" of Texas.  2d Am. Compl. ¶¶ 7-12.  "An allegation of residency, however, does not satisfy the requirement of an allegation of citizenship." *Neeley v. Bankers Trust Co.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).

Because the court must presume that this suit lies outside its limited jurisdiction, the burden of establishing federal jurisdiction rests on PIIC as the party seeking the federal forum, and PIIC has still failed to plead complete diversity jurisdiction, the court grants the motion to dismiss this case for lack of subject matter jurisdiction.

### III

The court will, however, allow PIIC one final opportunity to plead diversity jurisdiction.  "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

- 6 -

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In granting this opportunity to amend, the court notes § 1653 "limit[s] jurisdictional amendments to cases in which diversity jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'" *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)) (noting that the express limits of the previous version of § 1653 extend implicitly to the current version). An amendment permitted under § 1653 may "remedy inadequate jurisdictional allegations," such as a "failure to specifically allege the citizenship of a party," but it cannot remedy "defective jurisdictional facts." *Id.* at 888 (noting that parties can allege further details to show that jurisdiction had existed all along, but preventing parties from asserting new claims or reviving dropped claims to create jurisdiction that would not have existed based on the claims in the previous version of the complaint). Unless PIIC can demonstrate cause for a later deadline, it must file the amended complaint within 30 days of the date this memorandum opinion and order is filed.

Because PIIC has yet to establish that the court has subject matter jurisdiction, the court need not reach the question whether the SC-affiliated EDFW is entitled to dismissal based on PIIC's obligations under the Policy's arbitration provision.[3] Nor will the court at this time address PIIC's application for a preliminary injunction, the supporting materials for

---

[3]The entire lawsuit, including the recently-filed counterclaims, are subject to dismissal as well. Because the counterclaims involve the same parties as does PIIC's action, the court cannot conclude that it has subject matter jurisdiction based on complete diversity.

which were filed on July 8, 2011.

*   *   *

The May 25, 2011 motion to dismiss of the SC-affiliated EDFW is granted.  The May 4, 2011 motion to stay case pending arbitration of the SC-affiliated EDFW is denied without prejudice as moot.  PIIC is granted 30 days from the date this memorandum opinion and order is filed to file an amended complaint that alleges complete diversity of citizenship.  If it fails to do so, the court will dismiss this case without prejudice by final judgment.

**SO ORDERED**.

August 10, 2011.

SIDNEY A. FITZWATER
CHIEF JUDGE